UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDERSON R. DaSILVA,

        Plaintiff,

        v.                            Case No. 14-CV-812

CAPTAIN RYMARKIEWICZ, *et al.*,

        Defendants.

## ORDER

This case is before the court on plaintiff Anderson DaSilva's discovery motions. On October 14, 2015, DaSilva filed a "Motion for Deposition Action Case No. 14-cv-812 Ask a Subpoena." (ECF No. 53.) From the motion and attached exhibits, the court understands DaSilva to be seeking a subpoena to compel the defendants to answer written deposition questions. The defendants oppose DaSilva's motion on the basis that the request is untimely. The defendants argue that, pursuant to the court's scheduling order, discovery was to be completed no later than September 28, 2015, and DaSilva filed his motion two weeks after the deadline.

According to the exhibits filed with DaSilva's motion, the defendants responded to DaSilva's first set of interrogatories during the first week of July 2015. DaSilva had

follow-up questions, which he served on the defendants on August 25, 2015. (ECF Nos. 46, 47.) The defendants objected to these additional interrogatories on September 28, 2015, the day discovery closed, on the ground that he had exceeded the number of interrogatories allowed under Federal Rule of Civil Procedure 33 and Local Civil Rule 33.1. DaSilva is now trying to avoid that limit by requesting that the questions be submitted to the defendants via a written deposition.

The defendants are correct: DaSilva is too late. Discovery closed on September 28, 2015. Prior to that date, DaSilva could have requested that he be allowed to exceed the number of allowed interrogatories, or he could have requested an extension of the discovery deadline. He did neither. Further, DaSilva and the defendants have both filed motions for summary judgment, so not only is the request untimely but the requested discovery appears to be unnecessary. In the event DaSilva's claims survive summary judgment, he may renew his request for additional discovery and the court will consider it at that time. The court denies DaSilva's motion for "deposition action."

DaSilva also filed an "order compelling discovery Civil Action No. 14-cv-812" (ECF No. 52), to which the defendants responded on October 19, 2015 (ECF No 54). First, DaSilva points to the defendants' interrogatory responses and states, "as you can see through those interrogatories that the defendants failed to fully answer plaintiff interrogator[y] questions and never g[a]ve plaintiff a truth and reasonable answer to his questions." (ECF No. 52 at 2.)

2

The defendants argue that they responded to DaSilva's interrogatories during the first week of July 2015. DaSilva does not dispute that the defendants responded; instead, he argues that their responses were untrue or unreasonable. DaSilva's characterization of the defendants' responses is vague and unsupported. It is unclear to the court what precisely DaSilva would like it to do. Both defendants answered each of the interrogatories in writing, under oath, as required by the rules. If DaSilva wants to challenge the truthfulness or reasonableness of those responses, he needs to provide the court with more than just a general, unsupported accusation.

Next, DaSilva requests the production of films taken of him on January 7, June 11, and July 29, 2014. The defendants objected to providing these films to DaSilva on multiple grounds, the most significant of which is relevancy. They argue that DaSilva's claims relate to whether defendants were negligent and/or deliberately indifferent to his serious medical needs when they refused to promptly treat a head injury that he suffered on December 23, 2014. The defendants explain that nothing in observation films made months earlier could be relevant to his claims about an event that occurred in December. DaSilva does not address the defendants' objections. The court agrees that these films are not relevant and will not compel the defendants to produce them.

DaSilva also requests two photographs taken of his bloody clothes. The defendants indicate that they have since provided DaSilva with these photographs, so this particular request is moot.

DaSilva then requests that the defendants be ordered to produce an incident report written by defendant Rymarkiewicz and a photograph taken by defendant Rymarkiewicz. Defendants have informed DaSilva that no such document or photograph exists. The court cannot compel the defendants to produce items that do not exist; however, should it be discovered that such items do exist and that the defendants willfully deceived DaSilva and the court, the defendants may be subject to sanctions.

Next, DaSilva asks the court to compel responses to interrogatories he served on August 25, 2015. The defendants objected to each of the interrogatories on the basis that DaSilva was over the allowable limits set forth in Federal Rules of Civil Procedure 33 and Local Civil Rule 33.1. DaSilva does not dispute this point, so the court will sustain the defendants' objection to these interrogatories.

Additionally, DaSilva has requested that the defendants be compelled to permit him to inspect his medical records. The defendants have already explained to DaSilva how to access his medical records. DaSilva does not indicate whether he is unable to obtain access to his records by placing a request with the Institution Health Services Unit as the defendants instructed. Assuming he can obtain access via this process, there is no reason to compel the defendants to provide him with these records. DaSilva should promptly notify the court if he encounters problems accessing his medical records in the manner indicated by the defendants.

DaSilva also requests an opportunity to inspect the cell where the alleged incident occurred. The defendants explain that this is the first time DaSilva has made this request. In light of that, granting a motion to compel would be inappropriate. *See* Fed. R. Civ. P. 37 (allowing a party to move to compel disclosure only *after* the opposing party has first failed to disclose, answer, or respond).

Finally the court notes that DaSilva once again failed to follow Civil Local Rule 37. Specifically, he did not include in his motion a written certification indicating that he had conferred in good faith with the defendants in an effort to obtain the discovery without court action. In future motions of this nature, the court advises DaSilva that he must comply with this rule before the court will consider the substance of his motion.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for an order compelling discovery (ECF No. 52) is **denied**.

**IT IS ALSO ORDERED** that the plaintiff's motion for deposition action (ECF No. 53) is **denied**.

Dated at Milwaukee, Wisconsin this 12th day of November, 2015.

WILLIAM E. DUFFIN
U.S. Magistrate Judge